IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     :

v.                           :   Criminal No. DKC 19-0146

LARRY MICHAEL BROWN, et al.  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution are two motions filed by the Government to exclude time pursuant to the Speedy Trial Act (ECF Nos. 65 and 73) and one motion filed by Larry Michael Brown to dismiss due to violation of his statutory and constitutional rights to a speedy trial. (ECF No. 68).

Four defendants, including Mr. Brown, were indicted on March 21, 2019, for conspiracy to distribute and possess with intent to distribute heroin and cocaine and related offenses. (ECF No. 1). Initial appearances, arraignments, and detention hearings followed. By consent, the time from March 21 to August 21, 2019, was excluded from the speedy trial calculation. (ECF No. 21). Further arraignments and detention hearings followed. Although detained initially, Mr. Brown was released on May 8, 2019. (ECF No. 27). A telephone conference with counsel was held on August 27, 2019, after which a further call was set for October 31, 2019. One defendant entered a guilty plea on September 27, 2019. On

October 8, 2019, a consent motion to exclude time was filed and granted, excluding the period from August 22 through October 31. (ECF No. 48).  At the telephone conference, a further conference was set for December 30, 2019.  On December 18, a consent motion to exclude the time from November 1 through December 30 was filed and granted. (ECF Nos. 59 and 60).

On December 26, counsel for a co-defendant moved to withdraw. (ECF No. 61).  New counsel was appointed on January 9, 2020.  On February 10, 2020, the Government filed the still pending motion to exclude time from December 31, 2019 through March 31, 2020, with the consent of only two co-defendants.  (ECF No. 65). Although not consenting, Mr. Brown did not file a written response. Accordingly, during a telephone conference with counsel, he was directed to file a written response by March 6, and a motions deadline of May 1 was set.  In addition, a two-week jury trial was set for July 13, 2020. (ECF No. 67).  Mr. Brown filed an opposition to the speedy trial act motion on March 9, which included a motion to dismiss for violation of statutory and constitutional speedy trial rights.  (ECF No. 68).  A further telephone conference with counsel on June 2 resulted in (1) direction to the Government to file any response to the motion to dismiss, (2) resetting the motions deadline to June 30, (3) setting the Government's response due to July 31, (4) setting a motions hearing for September 18, and resetting the trial date to for November 2, 2020.  Accordingly,

2

on June 10, the Government filed its response to the motion to dismiss.(ECF No. 72).[1]  On July 14, 2020, the Government filed another motion to exclude time, with the consent of two co-defendants, but not Mr. Brown, seeking to exclude the time until the reset trial date in November.  (ECF No. 73).  When no further motions were filed by the deadline, another conference call with counsel was held on August 21.  The motions hearing was removed from the calendar, and counsel were provided until August 28 to file any further memoranda concerning the speedy trial issues.  (ECF No. 75).  Nothing further was filed.

There are two, related but separate, issues generated by the motions in this case:

> "A criminal defendant's right under the [Speedy Trial] Act is separate and distinct from his Sixth Amendment right to a speedy trial." *United States v. Thomas*, 305 F. App'x 960, 963 (4th Cir. 2009) (citing *United States v. Woolfolk*, 399 F.3d 590, 594-98 (4th Cir. 2005)).  The Speedy Trial Act states, in pertinent part:
>
>> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the

---

[1] Due to the COVID-19 pandemic, several standing orders were entered by Chief Judge James Bredar governing court operations and excluding time under the Speedy Trial Act.  Jury trials in criminal cases were categorically postponed until July 31, 2020, and the time between March 16, 2020 and July 31, 2020 was excluded pursuant to 18 U.S.C. § 3161(h)(7)(A).  Standing Order 2020-11.

> information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.
>
> 18 U.S.C. § 3161 (c)(1). If the Act is violated, the defendant may make a motion to dismiss the indictment. *Thomas*, 305 F. App'x at 963; § 3162(a)(2). The defendant has the burden of proof to support a dismissal motion, but the Government has the burden of providing evidence in connection with exclusions of time under § 3161(h)(1). § 3162(a)(2).
>
> In contrast, the Sixth Amendment right to a speedy trial is analyzed under a four-factor balancing test established by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The *Barker* factors require a court to weigh: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant. *Id.*

*United States v. Arthur*, No.: 17-cr-253-PWG-4, 2020 WL 3073322 at *5 (D.Md. June 10, 2020).

## I. Speedy Trial Act

In the first motion, filed February 10, 2020, the Government sought an order excluding the time from December 31, 2019 through March 31, 2020. At that time, two Defendants Bruce and Thomas consented. Defendant Larry Michael Brown objected. In Mr. Brown's opposition/motion to dismiss filed March 9, 2020, he recounted the history of the case and argued that no further exclusions under the Speedy Trial Act were applicable. No other pre-trial motions had been filed (and none have been filed since). The Government's

4

reply, filed June 10, 2020, argues that the consent of the other defendants means that the time is excludable as to Mr. Brown as well and that, in any event, insufficient time had elapsed at that time to constitute a violation.  (ECF No. 72, at 6-9).

All defendants joined for trial are considered together and if time is excludable for one defendant, it is excludable for all. *United States v. Jarrell*, 147 F.3d 315, 316 (4th Cir. 1998).  The government's motion, in which two of the defendants joined, indicated that counsel were engaged in ongoing plea negotiations, and, with new counsel for one co-defendant, all parties needed more time to review discovery, interview witnesses, and to prepare for motions practice.  Those recitations suffice to justify exclusion of the time from December 31, 2019, through March 31, 2020, pursuant to 18 U.S.C. § 3161(h)(7).  Accordingly, the Government's motion will be granted.

The second speedy trial act motion seeks to exclude time from July 10, 2020, through November 2, 2020, pursuant to 18 U.S.C. §§ 3161(h)(3)(A), (h)(6), and (h)(7)(A).  As noted therein, the court's standing orders required postponement of all jury trials in criminal cases through July and necessitated the rescheduling of the trial from July.  The earliest available date due to counsels' calendars was November 2.  The motion also recites that plea discussions were ongoing, as were trial preparations.  Two of the defendants are detained at state facilities where limitations

5

on their ability to leave make it impossible for them to attend trial at present.  Furthermore, counsel recounted the myriad ways the pandemic was interfering with normal communication and preparation for trial proceedings.  Again, two of the co-defendants agreed with those representations.  Other than noting an objection, Mr. Brown has not specified his disagreement with the grounds offered.

This motion to exclude time will be granted.  The pandemic and resulting changes to normal conditions more than justify the postponement of proceedings in this multi-defendant case.  Frankly, there was no option to postponing the trial from July, given the standing order.  (And it remains far from clear that a multi-defendant jury trial will be feasible in this district even in November.)  Counsel admirably are attempting to continue to make progress so that as soon as public health conditions make it safe to conduct this trial, all will be ready.

**II.   Sixth Amendment**

Mr. Brown argues that his Sixth Amendment rights have been violated under the factors articulated in *Baker v. Wingo*, 407 U.S. 514, 530 (1972).  He contends that the length of the delay is "uncommonly long," dating from his indictment a year earlier, in March 2019.  At the time his motion was filed, the trial was set to begin in July, sixteen months after indictment.  He claimed that the reasons for the delay included complex discovery and the

6

replacement of counsel for a co-defendant.  He claimed to have asserted his right to a speedy trial by objecting to the Government's request to exclude more time from the speedy trial calculation.  Finally, he argues prejudice from restrictive pre-trial release conditions and loss of employment.  He seeks dismissal of the charges.

While the Government concedes that the length of the delay triggers inquiry under the Sixth Amendment, it argues that his consent to exclude over nine months of the delay, the appointment of new counsel for a co-defendant, the pending motion, and the coordination of schedules for a two week trial, are valid reasons for delay.  It also disputes that Mr. Brown timely asserted his right, doing so a year after indictment and after the court set the July trial date.  It points out that he has not contended that the delay has prejudiced his defense (and it knows of no prejudice), and that restrictive release conditions and loss of employment are the result of his arrest and not any subsequent delay.

The court has determined that all time up to the currently scheduled trial date is properly excluded under the Speedy Trial Act.  As a result:

> "Although compliance with the Speedy Trial Act does not bar Sixth Amendment speedy trial claims, 'it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the [S]ixth [A]mendment right to

7

> a speedy trial has been violated.' " *United States v. Riley*, No. WDQ-13-0608, 2015 WL 501786, at *13 n.38 (D. Md. Feb. 4, 2015) (quoting *United States v. Davenport*, 935 F.2d 1223, 1238-39 (11th Cir. 1991)).

*Arthur*, 2020 WL 3073322 at *6.  Assessing the factors confirms that result in this case:

> The first factor—whether delay before trial was uncommonly long—is a threshold requirement, and if the defendant makes this showing, he must then show that "on balance," the four factors weigh in his favor. *Woolfolk*, 399 F.3d at 597. (quoting *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995)); see also *Barker*, 407 U.S. at 530 ("Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."). The length of delay that is presumptively prejudicial depends on the circumstances of the case. *Barker*, 407 U.S. at 530.

*Id.* at *7.  The Government properly concedes that the length of the delay in this case triggers further analysis.

The reasons for the delay have been stated earlier in this Memorandum Opinion.  There has been no deliberate delay to hamper the defense, nor truly any caused by the defense, other than the change of counsel.  Rather, the complexity of the case compounded by the public health crisis has caused all of the delay.

Mr. Brown consented, or at least acquiesced, in the extensions of time until the end of 2019.  Thereafter, he has not consented to exclusions of time and eventually filed the pending

8

motion.  This tepid assertion of his right is entitled to some, but not much weight.

Finally, Mr. Brown has not shown the kind or level of prejudice to cause concern:

> The fourth factor——prejudice to the defendant——"should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. The Barker court identified three interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.*

*Id*.  It is true that he is subject to release conditions and the pandemic naturally enhances anxiety for all.  As it turns out, many people are restricted to their residences and have lost employment.  There is absolutely no showing, however, that delay has hampered his defense.

Ultimately, the balance of these factors weighs against finding that there has been a Sixth Amendment violation:

> "[N]one of the four factors identified above [are] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Barker*, 407 U.S. at 533.

*Id.*  As noted above, we find ourselves in an unprecedented situation due to COVID-19.  The courthouses in this district were effectively closed for several months.  Cautious re-opening is in

9

progress but conducting multi-defendant criminal jury trials will be most difficult. The limitations on counsel in reviewing material, their limited access to the defendants, and the inability to transport defendants to the courthouse all contribute to the reasons for the delay. Fortunately, there is no prejudice to Mr. Brown's defense. At this time, his Sixth Amendment speedy trial rights have not been violated.

    A separate order will be entered.

                                        /s/
                              DEBORAH K. CHASANOW
                              United States District Judge